IN THE UNITED STATES DISTRICT COURT FOR **FILED**

THE WESTERN DISTRICT OF OKLAHOMA

HITCH ENTERPRISES, INC.,          )
DAVID D. DUNCAN, and              )
SAGACITY INC., on behalf of       )
themselves and all others similarly )
situated,                         )
                                  )
                Plaintiffs,       )
                                  )
vs.                               )
                                  )
CIMAREX ENERGY CO., KEY           )
PRODUCTION COMPANY, INC.,         )
MAGNUM HUNTER PRODUCTION,         )
INC., PRIZE ENERGY RESOURCES,     )
L.P., AND GRUY PETROLEUM          )
MANAGEMENT COMPANY (n/k/a         )
CIMAREX ENERGY COMPANY OF         )
COLORADO),                        )
                                  )
                Defendants.       )

JAN  - 3 2013

ROBERT D. DENNIS, CLERK
U.S DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

No. CIV-11-13-W

## ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS, PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND APPROVING FORM AND MANNER OF NOTICE

This matter comes before the Court on the plaintiffs' Unopposed Motion for

Preliminary Approval of Class Action Settlement [Doc. 81] filed pursuant to Rule 23,

F.R.Civ.P., on December 28, 2012. Having reviewed the pleadings in the case and

the papers submitted by the plaintiffs with respect to the relief requested in the

instant motion, the Court GRANTS the plaintiffs' Unopposed Motion for Preliminary

Approval of Class Action Settlement [Doc. 81] and FINDS as follows:

In so doing, the Court makes no findings as to the merits of the parties' claims

and defenses; rather, the Court's findings represent the Court's determination that

the requisites for proceeding as a class action, for settlement purposes only,

pursuant to applicable federal law, have been satisfied at this stage of the litigation. The Court's findings are expressly conditioned upon, and subject to, final approval of the parties' settlement ("Settlement") as set forth in the Settlement Agreement. See Doc. 82-1. If, for any reason, the Settlement as set forth in the Settlement Agreement among and between the parties is either terminated or not finally approved according to its terms, all of the findings set forth herein shall be deemed withdrawn, shall have no further effect, and shall not be used for any purpose whatsoever.

1. The terms capitalized herein and not further defined shall have the meanings and definitions ascribed to them in Settlement Agreement, including the term "Settling Defendants," which shall mean "Cimarex Energy Co." ("Cimarex"), collectively. See Settlement Agreement, Paragraphs 1.2, 1.11, 1.22.

2. For settlement purposes, the "Settlement Class" is defined as:

> All royalty owners (including predecessors, successors, and assigns) in Class Wells (as defined in Paragraph 1.8 of the Settlement Agreement) in which Cimarex Energy Co. (as defined in Paragraphs 1.2, 1.11, and 1.22 of the Settlement Agreement) owns a working interest.
>
> Excluded from the Class are: (1) the Mineral Management Service (Indian tribes and the United States); (2) defendants, their affiliates, and employees, officers and directors; (3) any NYSE or NASDAQ listed company (and its subsidiaries) engaged in oil and gas exploration, gathering, processing, or marketing; (4) the gas production, royalties, claims, and other matters covered by the settlement in *Lawrence v. Cimarex Energy Co.*, Case No. CJ-2004-391 (District Court for Caddo County, Oklahoma); and (5) the two royalty owners in the Parrish-Novotny 1-32 well in Grady County, Oklahoma, who are currently named plaintiffs

2

in *Pummill et al. v. Cimarex Energy Co. et al.*, Grady County, Case No. CV-2011-82 (District Court for Oklahoma County, Oklahoma), *i.e.*, Charles Pummill and Chris Parrish.

3. Cimarex entered into the Settlement Agreement solely for the purpose of resolving the Class Action Litigation now pending in this Court. <u>See</u> Settlement Agreement, Paragraphs 8.2, 8.3.

4. The Settlement Agreement, together with attached exhibits, sets forth the terms and conditions of the proposed Settlement and for the dismissal with prejudice of the Class Action Litigation against Cimarex.

5. The Settlement Agreement was the result of good faith, arm's-length settlement negotiations by the parties and by competent and experienced counsel for both the plaintiffs and Cimarex.

6. Certification of the Settlement Class is proper, for purposes of settlement only, under Rule 23(a), <u>supra</u>, because: (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to members of the Settlement Class; (c) the claims of putative Class Representatives, Hitch Enterprises, Inc., David D. Duncan, and Sagacity, Inc., are typical of the claims of the Settlement Class; and (d) the putative Class Representatives and Class Counsel, Gunderson, Sharp & Walke, LLP, and Jon K. Parsley, PLLC, will fairly and adequately protect the interests of the Settlement Class.

7. Certification of the Settlement Class is furthermore proper, for purposes of settlement only, under Rule 23(b)(3), <u>supra</u>, because: (a) the questions of law

and fact common to the Settlement Class predominate over any questions affecting only individual members of the Class; and (b) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

8. In determining whether the requirements of Rule 23, supra, have been satisfied for purposes of certifying a class for settlement purposes, the Court has taken into account the fact of settlement and its impact on the elements required for certification of the Settlement Class.  In so doing, the Court finds that it need not inquire whether the case, if tried on the merits, would present intractable case management problems since the result of the parties' Settlement is that there will be no trial.

Based upon its findings, the Court hereby ORDERS as follows:

1. The Settlement Class as defined herein is conditionally CERTIFIED. Hitch Enterprises, Inc., David D. Duncan, and Sagacity, Inc., are hereby DESIGNATED as Class Representatives.  The law firms of Gunderson, Sharp & Walke, LLP, and Jon K. Parsley, PLLC, are APPOINTED as Class Counsel.

2. The Settlement is sufficiently within the range of reasonableness and the terms of the parties' Settlement Agreement are thereby preliminarily APPROVED, subject to Cimarex's right to terminate the Settlement Agreement and to further consideration at the Settlement Fairness Hearing (as described below).

3.  If the Settlement Agreement is terminated or is not approved for any reason, the conditional certification of the Settlement Class shall be void, the plaintiffs shall have reserved all of their rights, Cimarex shall have reserved all of its

4

rights (including opposing class certification), and the Settlement Agreement shall not be admissible as evidence for any purpose.

4. A hearing on final settlement approval ("Settlement Fairness Hearing") shall be held on March 22, 2013, at 2:30 p.m. in Courtroom No. 303, United States Courthouse, 200 N.W. 4th Street, Oklahoma City, Oklahoma. At the hearing, the Court will (a) consider the fairness, reasonableness, and adequacy of the proposed Settlement and whether the Settlement should be finally approved, (b) allocate the settlement funds for attorneys' fees and litigation expenses, (c) set the incentive awards for the Class Representatives, and (d) determine whether an order and judgment should be entered dismissing with prejudice all claims asserted in the Class Action Litigation against Cimarex. The Court may adjourn, continue and/or reconvene the Settlement Fairness Hearing, without further notice to the members of the Settlement Class, either by subsequent written order, which will be available as a public record in this proceeding, or by announcement at the Settlement Fairness Hearing itself.

5. The Notice of Proposed Settlement of Class Action ("Notice"), see Doc. 82-1 at 71, is hereby APPROVED as to form. The Notice constitutes the best notice practicable under the circumstances and is in compliance with Rule 23, supra, and applicable standards of due process, since individual class members who can be identified will receive notice by first-class mail. The Notice advises each Class member of the date, time and location of the Settlement Fairness Hearing and further advises Class members (a) that the Court will exclude any Class member from the Class if the member so requests by a specified date to be excluded; (b)

that the Settlement will include and bind all Class members who do not request exclusion; and (c) that any Class member who does not request exclusion may enter an appearance in person or through separate counsel and object to the Settlement in writing, if the member so desires.

6. Notice shall be given to members of the Settlement Class in accordance with the Plan of Notice as outlined in the Settlement Agreement.

7. Any member of the Settlement Class who wishes to "opt out" or be excluded from the Settlement Class must do so in writing by February 15, 2013, and in the manner set forth in the Notice of Proposed Settlement of Class Action.

8. Any person or entity that has not timely and properly elected to be excluded from, or to "opt out" of, the Settlement Class will be included in the Settlement Class and will be bound by the terms of the Settlement Agreement in the event it is finally approved by the Court.

9. Members of the Settlement Class who have not requested exclusion and who wish to appear and be heard at the Settlement Fairness Hearing either in person or through separate counsel to challenge or object to any Settlement-related matter, including the fairness, reasonableness or adequacy of the Settlement Agreement, the amount of Class Counsel's requested legal fees and litigation expenses, or the amount of the Class Representatives' incentive awards, are required to file with the Clerk of United States District Court for the Western District of Oklahoma, 200 N.W. 4th Street, Oklahoma City, Oklahoma 73012, by February 15, 2013, a notarized written objection that must contain the following:

6

(a) A heading that refers to the instant Class Action Litigation, Case No. CIV-11-13-W;

(b) A statement that the objector will appear at the Settlement Fairness Hearing, either in person or through separate counsel;

(c) A detailed statement of the specific legal and factual basis for each and every objection, including a list of any legal authorities, witnesses, and exhibits the objector may seek to use at the Settlement Fairness Hearing;

(d) The objector's current address and current telephone number;

(e) The objector's signature executed before a Notary Public; and

(f) The objector's interest in Class Wells by identification of each Class Well (by Well name, Cimarex Well number, Section, Township and Range) and the objector's Cimarex royalty owner number.

The Court further finds that an objector who fails to follow the procedures for objecting to the Settlement and Settlement Agreement, legal fee and litigation expense requests, or incentive award amounts, shall not be permitted to raise or pursue an objection at the Settlement Fairness Hearing, and such failure shall constitute a waiver of any objection to these Settlement-related matters.

10. Cimarex shall file with the Court an affidavit of mailing reflecting the names, addresses and date of mailing of the Notice of Proposed Settlement of Class Action and confirming that notice has been accomplished in accordance with the Plan of Notice within twenty-one (21) days of the date on which the Notice is mailed.

11. Class Members need not appear at the Settlement Fairness Hearing or take any other action to indicate their approval of the fairness, reasonableness, and adequacy

7

of the proposed Settlement, the allocation of settlement funds for attorneys' fees and litigation expenses and the amount of incentive awards for the Class Representatives.

12.  All proceedings in this action, except those pertaining to the Notice to be given to members of the Settlement Class, those pertaining to the Settlement Fairness Hearing and those necessary to carry out the terms and provisions of the Settlement Agreement, are hereby STAYED until the Settlement Fairness Hearing.

ENTERED this _3rd_ day of January, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

8