UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| (1) Hitch Enterprises, Inc.; <br> (2) David D. Duncan; and <br> (3) Sagacity, Inc., on behalf of themselves <br> and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> (1) Cimarex Energy Co.; <br> (2) Key Production Co., Inc.; <br> (3) Magnum Hunter Prod. Inc.; <br> (4) Prize Energy Resources, LP; and <br> (5) Gruy Petroleum Management Co. <br><br> Defendants. | Case No. CIV-11-13-W |

**OBJECTION TO MOTION FOR ATTORNEY'S FEES
AND INCENTIVE AWARDS TO LEAD PLAINTIFFS
AND NOTICE OF INTENTION TO APPEAR AT FAIRNESS HEARING**

Class member Katherine Riesen Lathrop, 11404 Red Rock Road, Oklahoma City, OK 73120, telephone # (405) 812-4330, hereby objects to the request for attorney's fees and request for incentive awards to the lead plaintiffs in this action. Ms. Lathrop owns an interest in Class oil and gas leases within the State of Oklahoma.[1] Her Cimarex royalty owner # is 034489. Ms. Lathrop intends to appear and argue at the fairness hearing scheduled for March 22, 2013 through her undersigned counsel.

---

[1] The wells in which Ms. Lathrop owns an interest are Layne Unit #1, Stephens Co., OK, Township: 1 south, Range: 4 west, Section 1, and Layne Furry, Stephens Co., OK, Township: 1 south, Range: 4 west, Section 1.

**I.   Class Counsel Has Violated Rule 23(h) and Due Process By Failing to File Their Fee Motion By the Objection Deadline.**

Fed. R. Civ. P. 23(h) provides:

(1) *Motion for Award of Attorney Fees*. A claim for an award of attorney fees and nontaxable costs must be made by motion under Rule 54(d)(2), subject to the provisions of this subdivision, at a time set by the court. Notice of the motion must be served on all parties and, for motions by class counsel, directed to class members in a reasonable manner.

(2) *Objections to Motion*. A class member, or a party from whom payment is sought, may object to the motion.

(3) *Hearing and Findings*. The court hay hold a hearing and must find the facts and state its conclusions of law on the motion under Rule 52(a).

This rule requires reasonable service of "*the motion*" on all class members. *In re: Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993-994 (9th Cir. 2010).

> The plain text of the rule requires a district court to set the deadline for objections to counsel's fee request on a date after the motion and documents supporting it have been filed.... The plain text of the rule requires that any class member be allowed an opportunity to object to the fee "motion" itself, not merely to the preliminary notice that such a motion will be filed. In this case, although notice of the motion was provided to the class, class members were deprived of an adequate opportunity to object to the motion itself because, by the time they were served with the motion, the time within which they were required to file their objections had already expired.

*Id*.

Here, objections to Class Counsel's request for attorneys' fees was due on February 15, 2013. As of that date, Class Counsel had not filed their motion for an award of attorneys' fees on the docket, let alone on the settlement website. Thus, class members were deprived of an adequate opportunity to assess the reasonableness of Class Counsel's fee request and the reasons for it. Objector Lathrop does not know if Class Counsel will file a motion prior to the date of the fairness hearing. Regardless of whether Class

Counsel files such a motion, the failure to file the motion prior to the objection deadline, and to make the motion available to the class before the time when they must comment on it, requires rejection of the fee request.

Because Class Counsel did not file their motion until fee objections were due, and never directed reasonable notice of their fee motion to all class members, this Court is without authority to approve any fee award, and will be without any such authority until and unless Rule 23(h) is complied with.

## II. The Requested Fee of 33% Is Excessive Under the Law of the Tenth Circuit and of Oklahoma.

"The Court of Appeals for the Tenth Circuit has recognized 25% of the fund as the 'benchmark' award in common fund cases." *Millsap v. McDonnell Douglas Corp.*, 2003 U.S. Dist. LEXIS 26223 at *25 (N.D. Okla. 2003)(quoting *Gottlieb v. Barry*, 43 F.3d 474, 488 (10th Cir. 1994). "Attorney fees awarded by courts in the Tenth Circuit using the percentage of the fund method range from 16.5% to 33% of the common fund." *Id*. "Based on the fact that 25% is the 'benchmark' percentage in common fund cases, the Court finds that 25% of the common fund is an appropriate and reasonable percentage to be awarded." *Id*. at *27.

Likewise, in this case, the maximum attorney's fee should not exceed the benchmark of 25% of the cash fund of $16.4 million, or $4.1 million. However, even that fee should be subject to a lodestar cross-check, in order to ensure that a $4.1 million fee does not exceed two times Class Counsel's actual lodestar. *See Rosenbaum v. Macallister*, 64 F.3d 1439, 1447 (10th Cir. 1995) ("even though the amount of money that changed hands here is great, our conscience is shocked by an award of a 3.16 multiplier

that results in a fee equal to more than $900 per hour for every attorney, paralegal, and law clerk who worked on the case").

Class Counsel has requested $5.46 million of the $16.4 million cash settlement in this case, which has lasted just two years from removal to settlement. This fee is excessive for a case of such short duration. The lodestar is a presumptively reasonable fee, and multipliers are prohibited in all by the most "rare" and "exceptional" cases. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

Courts within the Tenth Circuit apply a lodestar cross-check to attorney's fees calculated under the common fund method. *See, e.g., Been v. O.K. Industries, Inc.*, 2011 U.S. Dist. LEXIS 115151 at *32 (E.D. Okla. 2011) (finding fee reasonable because it resulted in lodestar multiplier of 1.22). The Tenth Circuit has never approved a lodestar multiplier higher than three, and has never excused class counsel from the necessity of disclosing to the court and to the class members the amount of their actual lodestar, for the purposes of applying the first *Johnson* factor, *i.e.*, the time and labor required.

Class Counsel's fee should be limited by both the benchmark percentage fee award, and their lodestar. In other words, Class Counsel should receive no more than 25% of the fund as a fee, unless that amount represents a lodestar multiplier of more than 2, in which case the fee should set at the lower of 25% or 2 times lodestar. Class Counsel should not receive any multiplier if to do so would increase their fee above the benchmark. The lodestar is presumptively reasonable, and there is no reason to increase the fee above 25% in order to provided a lodestar multiplier, since risk is already reflected in the lodestar fee. *Perdue v. Kenny A.*, 130 S. Ct. 1662 (2010).

Class Counsel should be required to submit its detailed time records to the Court and to make them available to class members for inspection. Without a properly calculated lodestar figure, it is impossible for this Court to calculate the lodestar multiplier represented by a 25% fee, in order to determine whether that percentage is excessively high.

Based upon the work performed in this case, as reflected by the docket entries, it would be surprising if Class Counsel's reasonable lodestar, *i.e.* its reasonable hours multiplied by reasonable hourly rates for Western Oklahoma, were greater than $1 million. Class Counsel has done nothing more than brief three motions to dismiss, conduct some very limited discovery, and negotiate the settlement. As such, a fee of $4.1 million may well be excessive in relation to the lodestar. In that event, a maximum fee of less than $2 million, or two times Class Counsel's reasonable lodestar, would be reasonable and more than adequate, even generous, for the results obtained.

In a similar case, a federal court rejected a settlement because, *inter alia*, the requested attorney's fees of 25% of a $30 million common fund represented an excessive lodestar multiplier. *See In re Chiron Corp. Securities Litig.*, 2007 U.S. Dist. LEXIS 91140 (N.D. Cal. 2007).

> The prospect of a sizeable attorney fee award can drive a wedge between the class and class counsel, the former interested in the largest settlement obtainable for the class and the latter in the largest fee award obtainable. Unsurprisingly, a class action defendant has little or no incentive to contest the amount allocated to attorney fees in a proposed settlement, provided the total amount of the settlement is acceptable.

*Id.* at *13.

### III. Oklahoma Law, Which Governs This Case, Does Not Permit A Fee Greater Than Two Times Lodestar.

The law of Oklahoma governs the fee in this case because jurisdiction is founded on diversity, and thus Oklahoma substantive law governs the award of attorneys' fees. *See Security Mutual Life Ins. Co. v. Contemporary Real Estate Assocs.*, 979 F.2d 329, 331-32 (3d Cir. 1992); *Mangold v. California Public Utilities Com'n*, 67 F.3d 1470, 1478 (9th Cir. 1995); *Northern Heel Corp. v. Compo Indus.*, 851 F.2d 456, 475 (1st Cir. 1988); *Riordan v. Nationwide Mut. Fire Ins. Co.*, 977 F.2d 47, 53 (2d Cir. 1992).

Oklahoma law does not permit a fee in excess of the one permitted by the Tenth Circuit. In Oklahoma, any fee award must begin with the calculation of class counsel's reasonable lodestar. "An attorney seeking an award must submit detailed time records and offer evidence of the reasonable value of the services performed based on the standards of the legal community in which the attorney practices… [F]rom the detailed time records, a lodestar fee is arrived at by multiplying the attorney's hourly rate by the hours expended." *Spencer v. Oklahoma Gas & Elec. Co.*, 171 P.3d 890, 895 (Okla. 2007) (*citing Burk v. Oklahoma City*, 598 P.2d 659 (Okla. 1979)). Additionally, "any fee so calculated is subject to the rule that it must be reasonable and bear some reasonable relationship to the amount in controversy." *Id*.

In *Spencer*, the Oklahoma Supreme Court found that a reasonable hourly rate for an attorney based in Seminole is $150/hour. 171 P.3d at 897 ("40.48 percent of non-metro attorneys surveyed charge between $126 and $150 per hour"). Once the Court calculates a reasonable lodestar, it may apply a modest "incentive" or "bonus" fee on top of the reasonable lodestar. *See Burk*, 598 P.2d at 661. The "bonus" or "incentive" fee approved in *Burk* was a 40% enhancement of the lodestar, and in *Spencer* it was 10%.

6

No Oklahoma court has ever approved an enhancement of class counsel's lodestar of as much as 100%.[2]

Of course, Oklahoma law has been modified by the Supreme Court's decision in *Perdue, supra*, prohibiting lodestar multipliers for all but the most rare or exceptional cases. It is likely that the Oklahoma Supreme Court would hold that a reasonable fee under Oklahoma law is the amount of Class Counsel's reasonable lodestar calculated at Oklahoma rates.

**IV.     The Requested Incentive Award Of $164,000 Bear No Relationship To The Reasonable Number Of Hours Expended By the Lead Plaintiffs.**

While federal law does permit an additional monetary award to the lead plaintiffs, known as an incentive award, above and beyond the recovery that all class members are entitled to as a result of a settlement, it also requires those awards to be reasonable and directly related to the number of hours reasonably spent by each plaintiff on the litigation, as well as reimbursement for any expenses reasonably incurred. Such awards are not to be used as windfalls or lottery-style bonuses paid without regard to actual time and expenses. *See, e.g.*, *Staton v. Boeing Co.*, 327 F.3d 938, 977 (9th Cir. 2003) (condemning incentive awards of up to $50,000, with an average of $30,000); *Robles v. Brake Masters Systems, Inc.*, 2011 U.S. Dist. LEXIS 14432 at *12 (D.N.M. 2011) (incentive awards must be related to personal risk incurred and additional effort expended).

Class Counsel's requested incentive awards in the amount of "1% of the total settlement value" has no basis in law. Federal courts do not award incentive awards based upon a percentage of the total value of a settlement. Instead, the awards are set at

---

[2] *Accord Rosenbaum v. Macallister,* 64 F.3d 1439, 1447 (10th Cir. 1995) (the Court's "conscience is shocked by an award of a 3.16 multiplier that results in a fee equal to more than $900 per hour for every attorney, paralegal, and law clerk who worked on the case.").

an amount that reasonably compensates a plaintiff for any losses he may have suffered as a result of serving as lead plaintiff.

Based upon the litigation activities reflected on the docket of this case, the requested $164,000, or $54,666 apiece, requested for the three Lead Plaintiffs appears grossly excessive. None submitted to a deposition. There was no trial. There is no indication whether any of the Plaintiffs attended any of the hearings in this case, or if so, how many. In any event, a reasonable rate of compensation for any of the Plaintiffs should not exceed $100/hour. This means that the $54,666 per Plaintiff requested amounts to 546 hours, an amount of time that no Plaintiff could have possibly expended on this brief litigation that involved mostly legal briefing, not fact testimony.

The Plaintiffs should be compensated for the time they spent being deposed, as well as attending the court hearings. That compensation, however, should not be at the rate of a senior partner in Oklahoma's largest firms, but at a rate commensurate to a reasonable hourly wage for persons of the Plaintiffs' education and employment background. Class Counsel has failed to tender evidence of what a reasonable hourly rate for the Plaintiffs would be.

Incentive awards are only appropriate when no one steps forward to represent the class.

> While the United States Court of Appeals for the Tenth Circuit has not had much occasion to consider the propriety of providing incentive awards to class representatives ... the Tenth Circuit ... stated that incentive awards for class representatives are justified when a class representative is not forthcoming and "may" be justified when the class representative undertakes risk, provides additional effort, or contributes expertise to prosecuting a class action.

8

*Robles, supra*, at *12-13 (*citing UFCW Local 880-Retail Food Employers Joint Pension Fund v. Newmont Mining Corp.*, 352 Fed. Appx. 232 (10th Cir. 2009)).

Courts within this Circuit have denied any incentive award to a lead plaintiff who did not assume much risk or do anything more than the Plaintiffs in this case did. *See Robles, supra*.

> The specific allegations Robles offers in support of his contention that an incentive award is justified is that he initiated the lawsuit and that he spent between forty and sixty hours assisting counsel, meeting with his attorneys, gathering facts, and attending a deposition and mediation... It is unclear that spending forty to sixty hours constitutes more of a contribution from Robles than a typical named plaintiff in a lawsuit... Because Robles' proposed incentive award would come from the limited $500,000 pie, his benefit would come at the detriment of other Collective Action Settlement Members, whose awards would be proportionately reduced to allocate funds for Robles' incentive award...
> ......
> In sum, the Court denies the proposed incentive award for Robles. The Court does not believe that Robles has put forth more effort or incurred more risk than many other plaintiffs... The proposed incentive award would be taken proportionately from the other Collective Action Settlement Members' awards and thus benefiting Robles at their expense. Because of these considerations, the Court does not believe an incentive award for Robles is justified. Moreover, the Court is concerned that incentive awards, except in the three situations the Tenth Circuit has recognized, may have the undesirable consequence of tempting parties to seek to be named plaintiffs "to settle an action to the detriment of the class or come to expect a 'bounty' for bringing suit."

*Robles*, 2011 U.S. Dist. LEXIS 14432 at *39-50 (D.N.M. 2011).

In light of the foregoing, there can be no justification for the shocking and preposterous request for $164,000 to be paid to the Lead Plaintiffs. While it appears that under the law of the Tenth Circuit there may be no basis for an incentive award of any amount in this case, Objector has no objection to modest incentive awards designed to reimburse Plaintiffs for any travel expenses or other incidental expenses of this litigation, as well as a few hundred dollars for time devoted to litigation tasks.

## **CONCLUSION**

WHEREFORE, Class member and objector Lathrop prays that this Court award Class Counsel an attorney's fee from that Fund in an amount that does not exceed 25% of the settlement fund, or 2 times Class Counsel's reasonable lodestar, whichever is less, and award Lead Plaintiff a reasonable incentive award of no more than $2500.


Signed By: _____
        Katherine Riesen Lathrop


        Respectfully submitted,
        Katherine Riesen Lathrop,
        By her attorney,


        */s/ Stephen C. Griffis*
        Stephen C. Griffis, Esq.
        THE GRIFFIS LAW FIRM, PLLC
        3035 N.W. 63rd Street, Suite 229
        Oklahoma City, OK 73116
        Tel: (405) 607-8757
        Fax: (405) 607-8749

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that a copy of the foregoing Objection was served by electronic filing upon each of the parties involved in this matter on February 14, 2013.

                                                              */s/ Stephen C. Griffis*

## CONCLUSION

WHEREFORE, Class member and objector Lathrop prays that this Court award Class Counsel an attorney's fee from that Fund in an amount that does not exceed 25% of the settlement fund, or 2 times Class Counsel's reasonable lodestar, whichever is less, and award Lead Plaintiff a reasonable incentive award of no more than $2500.

Signed By: /s/ Katherine Riesen
Katherine Riesen Lathrop

Subscribed and sworn to before me this __14__ day of February, 2013. My commission expires 11-24-13

/s/ Marsha L. Lewis
Notary Public

# 01017813
EXP. 11/24/13

Respectfully submitted,
Katherine Riesen Lathrop,
By her attorney,

/s/ Stephen C. Griffis
Stephen C. Griffis, Esq.
THE GRIFFIS LAW FIRM, PLLC
3035 N.W. 63rd Street, Suite 229
Oklahoma City, OK 73116
Tel: (405) 607-8757
Fax: (405) 607-8749