IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED

JUL - 2 2013

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| HITCH ENTERPRISES, INC., DAVID D. DUNCAN and SAGACITY, INC., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CIMAREX ENERGY CO., KEY PRODUCTION COMPANY, INC., MAGNUM HUNTER PRODUCTION, INC., PRIZE ENERGY RESOURCES, L.P., and GRUY PETROLEUM MANAGEMENT COMPANY (n/k/a Cimarex Energy Company of Colorado),<br><br>Defendants. | No. CIV-11-13-W |

## ORDER GRANTING CLASS COUNSEL'S ATTORNEYS FEES AND EXPENSES AND CLASS REPRESENTATIVES' INCENTIVE AWARD

On March 22, 2013, the Court held a Settlement Fairness Hearing in this matter and addressed, among other matters, the issues presented in the Motion for Awards of Attorneys' Fees, Litigation Expenses, and Incentive Amount filed by plaintiffs/Class Representatives Hitch Enterprises, Inc. ("Hitch"), David D. Duncan ("Duncan") and Sagacity, Inc. ("Sagacity"), on February 11, 2013. Based upon the written submissions filed by the plaintiffs and Class Member Katherine Riesen Lathrop[1] and after consideration of the arguments of plaintiffs' and Lathrop's counsel and the statements of counsel for defendants Cimarex Energy Co., Key Production Company, Inc., Magnum Hunter

---

[1] Pending at the time of the hearing was Lathrop's Objection to Motion for Attorney's Fees and Incentive Award to Lead Plaintiffs [Doc. 96]. Lathrop subsequently withdrew her challenges to Class Counsel's request for legal fees and to the Class Representatives' request for an incentive award. See Docs. 139, 140.

Production, Inc., Prize Energy Resources, L.P., and Gruy Petroleum Management Company (n/k/a Cimarex Energy Company of Colorado) at the Settlement Fairness Hearing, the Court makes its determination with regard to these issues.[2]

Oklahoma law governs the award of attorney fees in this diversity case, e.g., Combs v. Shelter Mutual Insurance Co., 551 F.3d 991, 1001 (10th Cir. 2008)(citation omitted)(in diversity cases, attorney fees are substantive matter controlled by state law), and it provides that

> [a]s a general rule attorney's fees are not recoverable absent some statutory authority or an enforceable contract. The common-fund (or equitable-fund) doctrine affords a recognized exception to this rule. When an individual's efforts succeed in creating . . . a fund which benefits similarly situated non-litigants, equity powers may be invoked to charge that fund with attorney's fees for legal services rendered in its creation . . . .

Oklahoma Tax Commission v. Ricks, 885 P.2d 1336, 1339 (Okla. 1994)(footnotes omitted).

The Settlement in this matter created a common fund of $16,400,000.00, and Class Counsel, the law firms of Gunderson, Sharp & Walke, LLP, and Jon K. Parsley, PLLC, have argued that the exception to the foregoing general rule–the "common-fund doctrine"–therefore applies in this case. Class Counsel has further argued that "the preferred approach for determining attorneys' fees in common fund cases is the percentage of the fund method," CompSource Oklahoma v. BNY Mellon, N.A., 2012 WL 6864701 *8 (E.D. Okla. October 25, 2012)(citation omitted),[3] and that such method requires consideration of

---

[2]In so doing, the Court incorporates by reference the definitions in the parties' Settlement Agreement and advises that all capitalized terms used herein shall have the same meanings as assigned and ascribed to them in the Settlement Agreement, unless expressly stated otherwise.

[3]"When there is a common fund created by a settlement, courts have applied one of two methods of determining reasonable attorney's fee awards: by a percentage of the fund, or by the lodestar method developed in the statutory fee shifting cases." Rosenbaum v. MacAllister, 64 F.3d 1439, 1445 (10th Cir. 1995)(citation omitted); e.g., Gottlieb v. Barry, 43 F.3d 474, 483 (10th Cir. 1994)(both

2

"the twelve factors originally developed in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir.1974), for statutory fee cases . . . ." Gottlieb v. Barry, 43 F.3d 474, 482 (10th Cir. 1994).[4] The Court agrees with the method suggested by Class Counsel, but notes that although the Johnson factors are relevant in determining a reasonable fee in common-fund situations, not all factors are necessarily applicable in this case. E.g., Uselton v. Commercial Lovelace Motor Freight, Inc., 9 F.3d 849, 854 (10th Cir. 1993)(rarely are all Johnson factors applicable in common fund situation); Brown v. Phillips Petroleum Co., 838 F.2d 451, 456 (10th Cir. 1988).

> The Johnson factors include[ ] "the time and labor required, the novelty and difficulty of the question presented by the case, the skill requisite to perform the legal service properly, the preclusion of other employment by the attorneys due to acceptance of the case, the customary fee, whether the fee is fixed or contingent, any time limitations imposed by the client or the circumstances, the amount involved and the results obtained, the experience, reputation and ability of the attorneys, the 'undesirability' of the case, the nature and length of the professional relationship with the client, and awards in similar cases."

Rosenbaum v. MacAllister, 64 F.3d 1439, 1445 (10th Cir. 1995)(quoting Gottlieb, 43 F.3d at 482 n. 4 (citing Johnson, 488 F.2d at 717-19)).[5]

In connection with the first factor, as the Declaration of Rex A. Sharp (February 11, 2013)(hereafter "Sharp Declaration"), demonstrates, Class Counsel invested "thousands

---

percentage of fund method and lodestar method for calculating attorney fees are permissible in common fund cases). In this circuit, the former approach, however, is preferred. E.g., Rosenbaum, 64 F.3d at 1445 (circuit recently implied preference for percentage of fund method in common fund cases).

[4] As the Tenth Circuit has instructed, "'whichever method is used, the [C]ourt must consider the twelve Johnson factors.'" Id. (quoting Gottlieb, 43 F.3d at 483)(footnote omitted).

[5] The Court in its discretion has not considered the preclusion of other employment, the time limitations, if any, imposed by the plaintiffs and the nature and length of the profession relationship with the plaintiffs.

3

of hours of time and labor," id. at 8, ¶ 21, in the prosecution of this litigation. The record demonstrates that this was a difficult and complex class action for alleged underpayment and non-payment of royalties on natural gas and/or constituents of the gas stream produced from wells in Oklahoma. Multiple affiliated defendants were named, and the parties engaged in substantial motion practice and extensive, albeit informal, discovery over a two-year period. Class Members were ably represented by skilled attorneys, who were well versed in pertinent federal and state law and who had experience with class actions and lawsuits involving allegations of underpayment and non-payment of royalties.

These factors together with such pertinent factors as the amount in controversy, the risk of recovery and the results obtained by Class Counsel as well as the undesirability of this class action, which involved a substantial investment of time and resources, waged against well-financed oil and gas companies, all weigh in favor of, and support, the amount of fees requested.

Class Representatives Hitch, Duncan and Sagacity had entered into contingent-fee agreements with Class Counsel, two which authorized a one-third (1/3) fee award. See Declaration of Dan Little (March 7, 2013)(33⅓%); Declaration of David D. Duncan (March 7, 2013)(33⅓%); Declaration of Chris Hitch (March 11, 2013)(35%). Under Oklahoma law, the Court is permitted "to approve the[se] contingent fee agreement[s], and . . . extend the contingent arrangement[s] to all class members." Sholer v. State ex rel. Department of Public Safety, 990 P.2d 294, 299 (Okla. 1999)(footnote omitted). See Rule 23(h), F.R.Civ.P. (in certified class action, court may award reasonable attorney's fees authorized by law or by parties' agreement); 12 O.S. § 2023 (same).

The Court has also considered the exhibits submitted by Class Counsel that show that in this state requests for fees in the amount of one-third or higher have been approved in similar oil and gas royalty underpayment class actions.[6] E.g., Mitchusson v. EXCO Resources, Inc., No. CJ-2010-32 (D. Ct. Caddo County March 9, 2012)(40% contingency fee is fair, reasonable and customary in oil and gas class actions); Laverty v. Newfield Exploration Mid-Continent, Inc., No. CJ-2002-101 (D. Ct. Beaver County August 27, 2007)(40% contingency fee is normative for royalty owner class litigation); Continental Resources, Inc. v. Conoco Inc., No. CJ-95-739, consolidated with Continental Resources, Inc. v. Farrar Oil Co., No. CJ-2000-356 (D. Ct. Garfield County August 22, 2005)(40% contingency fee is within range for contingency fee percentages for oil and gas class actions in Oklahoma). See, e.g., Been v. O.K. Industries, Inc., 2011 WL 4478766 at *5 (E.D. Okla. August 16, 2011)(in oil and gas class action settlements in Oklahoma, consensus is 40% fee award).

Based upon the foregoing and in the absence of any objection,[7] the Court finds under the circumstances of this case[8] that the amount requested as attorney fees is

---

[6] See Declaration of Michael Burrage (March 7, 2013)(hereafter "Burrage Declaration") at 4, ¶ 8 (in recent oil and gas class action litigation, 89% of continent fee awards granted were between 33⅓% and 40%).

[7] Notice of the Settlement was mailed to 29,689 Class Members, and only one Class Member, Lathrop, objected to the manner in which Class Counsel had suggested the fees be calculated and to the amount of legal fees requested. See Doc. 96. As stated, Lathrop has withdrawn her objections. See n.1, supra (citing Docs. 139, 140).

[8] E.g., Declaration of Layn Phillips (December 17, 2012) at 5, ¶19 (based upon his experience as mediator, Phillips opined that a fee award in the range of 33⅓% to 40% would be reasonable and appropriate given the lawsuit's complexity and the significant relief recovered); Burrage Declaration at 2, ¶ 5 (one-third fee is "imminently reasonable").

appropriate and reasonable and that Class Counsel is entitled to recover one-third (1/3) of the parties' Settlement, or $5,466,666.67.

The Court has also considered the litigation expenses sought by Class Counsel. Expenses as of March 18, 2013, were $66,182.97. See Supplemental Declaration of Rex A. Sharp (March 18, 2013) at 2, ¶ 2. Absent any objection to this amount, and because the Court finds such expenses were necessary and reasonably incurred in light of the work performed, the issues presented and the results obtained, see Sharp Declaration at 5-6, ¶ 16, the Court approves the amount of expenses requested.

The Class Representatives have sought one percent (1%) of the parties' Settlement, or $164,000.00, as an incentive award. Incentive awards are discretionary; they are intended to compensate class representatives for work done on behalf of the class. See UFCW Local 880-Retail Food Employers Joint Pension Fund v. Newmont Mining Corp., 352 Fed. Appx. 232, 235 (10th Cir. 2009)(cited pursuant to Tenth Cir. R. 32.1)(class representative may be entitled to award for additional effort and expertise provided for benefit of class).

The record reflects that Class Representatives Hitch (through co-chief executive officer Chris Hitch), Duncan and Sagacity (through president Dan Little) demonstrated a willingness to litigate on behalf of the other royalty owners; they communicated with Class Counsel at all stages of the litigation, provided documents, reviewed discovery and scrutinized pleadings and other litigation papers. They traveled to, and/or participated by telephone in the mediation, which was held on December 11, 2012, in Newport Beach, California. Their efforts without doubt contributed to the Settlement in this matter.

The Court further finds that the incentive award sought by Hitch, Duncan and Sagacity is consistent with incentive awards in other royalty owner class actions litigated in Oklahoma.[9] E.g., Continental Resources, Inc., Consolidated Cases Nos. CJ-95-739, CJ-2000-356 (court awards to class representatives of 1% of common fund are typical in these types of actions, with some awards approaching 5% of common fund); Robertson v. Sanguine, Ltd., No. CJ-02-150 (D. Ct. Caddo County July 11, 2003)(1%); Brumley v. ConocoPhillips Co., No. CJ-2001-5 (D. Ct. Texas County February 3, 2005)(0.88%). Accordingly, the Court finds that one percent (1%) of the Settlement, to be split equally among the three Class Representatives, is reasonable, appropriate and proper.

Based on the foregoing, the Court

(1) GRANTS the Motion for Awards of Attorneys' Fees, Litigation Expenses, and Incentive Amount [Doc. 91] filed on February 11, 2013; and

(2) hereby AWARDS

(a) one-third (1/3) of the Settlement, or $5,466,666.67, as attorney fees to Class Counsel;

(b) expenses in the amount of $66,182.97 to Class Counsel; and

(c) an incentive award of one percent (1%) of the Settlement, or $164,000.00, to the three Class Representatives, to be divided equally among them.

ENTERED this 2nd day of July, 2013.

/s/ Lee R. West
LEE R. WEST
UNITED STATES DISTRICT JUDGE

---

[9] E.g., Burrage Declaration at 7, ¶ 14 (1-2% is common in Oklahoma royalty underpayment class actions).