

IN THE UNITED STATES DISTRICT COURT FOR

THE WESTERN DISTRICT OF OKLAHOMA

FILED
JUL - 2 2013
ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____ DEPUTY

| | |
|---|---|
| HITCH ENTERPRISES, INC., DAVID D. DUNCAN and SAGACITY, INC., on behalf of themselves and all others similarly situated, )<br><br>Plaintiffs, )<br><br>vs. )<br><br>CIMAREX ENERGY CO., KEY PRODUCTION COMPANY, INC., MAGNUM HUNTER PRODUCTION, INC., PRIZE ENERGY RESOURCES, L.P., and GRUY PETROLEUM MANAGEMENT COMPANY (n/k/a Cimarex Energy Company of Colorado), )<br><br>Defendants. ) | No. CIV-11-13-W |

## FINAL JUDGMENT

Having this date approved the parties' Settlement and Settlement Agreement, the Plan of Allocation and Distribution, the amount of attorneys fees and expenses requested by Class Counsel and the amount of the incentive award sought by the Class Representatives and determined the same to be fair, adequate and reasonable, the Court hereby FINDS, ORDERS and DECREES, incorporating by reference not only the Court's Order Approving Settlement Agreement and its Order Granting Class Counsel's Attorneys Fees and Expenses and Class Representatives' Incentive Award, but also the definitions in the parties' Settlement Agreement:[1]

    1. The Court has jurisdiction over the subject matter of this action and over all

---

[1] All capitalized terms used herein shall have the same meanings as assigned and ascribed to them in the parties' Settlement Agreement.

parties to this litigation, including all Class Members.

2. The Settlement Agreement and the Plan of Allocation and Distribution, having been approved as fair, reasonable and adequate and in the best interest of the members of the Settlement Class, shall be implemented in accordance with their terms.

3. Except as to any individual claim of those persons or entities that are identified in Appendix A, attached hereto, this lawsuit and all claims and causes of action contained herein, including the Released Claims, are DISMISSED with prejudice to refiling as to the Class Representatives, the Settlement Class and each Class Member.

4. The Class Representatives do hereby, by operation of this Final Judgment, fully, finally and forever release, relinquish and discharge all Released Claims against the Released Parties, and each Class Member shall be and is deemed, by operation of this Final Judgment, to have fully, finally and forever released, relinquished and discharged all Released Claims against the Released Parties.

5. Those members of the Settlement Class who have timely and validly opted-out of the Settlement Class are identified in Appendix A, attached hereto. Those individuals and entities listed in Appendix A are not Class Members, are not bound by any provision of this Final Judgment and are not entitled to receive a Distribution Check as a result of the parties' Settlement and Settlement Agreement.

6. Upon the entry of this Final Judgment, each and every Class Member is deemed to have accepted and ratified the Settlement Agreement.

7. Attorney fees in the sum of $5,466,666.67, which amount equals one-third (1/3) of the Settlement ($16,400,000.00), shall be and are hereby paid to Class Counsel together with expenses in the amount of $66,182.97.

8. An incentive award of one percent (1%), or $164,000.00, of the Settlement ($16,400,000.00) shall be and is hereby paid to the Class Representatives, Hitch Enterprises, Inc., David D. Duncan and Sagacity, Inc., to be split equally ($54,666.66).

9. Neither the Settlement Agreement nor the Settlement contained therein, nor any act performed or document executed pursuant to, or in furtherance of, the Settlement Agreement or the Settlement

    (a) is or may be deemed to be or may be offered, attempted to be offered, or used in any way by the parties as a presumption, a concession or an admission of or evidence of, any fault, liability or wrongdoing by the Released Parties or of the validity of any Released Claims against the Released Parties; or

    (b) is or may be offered or received as evidence or otherwise used by any person in these or any other actions or proceedings, whether civil, criminal or administrative, against any parties to the Settlement Agreement other than to enforce the terms of the Settlement Agreement or orders issued by the Court in connection with the Settlement.

10. Class Representatives, Class Counsel, defendants Cimarex Energy Co., Key Production Company, Inc., Magnum Hunter Production, Inc., Prize Energy Resources, L.P., and Gruy Petroleum Management Company (n/k/a Cimarex Energy Company of Colorado) (hereafter collectively "Cimarex"), and any Class Member may file the Settlement Agreement or order of the Court related to the Settlement and Settlement Agreement in any action

    (a) that may be brought against any of them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit,

release, good faith settlement, order bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim; or

    (b) to enforce or otherwise effectuate the terms of the Settlement Agreement or any orders issued by the Court in connection with the Settlement and Settlement Agreement.

11. Upon the deposit of, or upon causing the deposit of, the Distribution Checks by Cimarex in the United States Postal System in accordance with the Notice of Proposed Settlement of Class Action, as revised, the Plan of Notice, the Plan of Allocation and Distribution Order and the terms of this Final Judgment, the Class Representatives and each member of the Settlement Class shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally and forever released, relinquished and discharged all Released Parties from all Released Claims accruing at any time prior to the Release Date, and shall be forever barred and estopped from asserting any of the Released Claims against any of the Released Parties. Any and all Released Claims shall be and are hereby permanently barred, enjoined, and finally discharged.

12. Without affecting the finality of this Final Judgment in any way, the Court hereby retains continuing jurisdiction over

    (a) the implementation of this Settlement and any award or distribution of the Common Fund Settlement Proceeds;

    (b) the disposition of the Common Fund Settlement Proceeds; and

    (c) all parties hereto for the purpose of construing, enforcing and administering the Settlement, the Settlement Agreement and the provisions of this Final Judgment.

13. This Final Judgment is final and appealable and is hereby entered pursuant to, and in accordance with, Rule 58, F.R.Civ.P.

14. No costs shall be or are hereby taxed pursuant to Rule 54, F.R.Civ.P. All costs shall remain with the party that incurred such costs.

DATED and ENTERED at Oklahoma City, Oklahoma, this 2nd day of July, 2013.

LEE R. WEST
UNITED STATES DISTRICT JUDGE

# APPENDIX A

The following Class Members have timely and validly requested exclusion from the Settlement Class.

1. Kaiser-Francis Oil Company
2. Charlene P. Kaster Trust Dtd 8/19/05
3. Betty J. Collet
4. Tower Royalty Company, L.L.C.
5. Rogers Royalty Company
6. First United Methodist Church of Maysville, OK
7. Rhyesa L. Hamilton
8. Ashley D. Price
9. Frank Vincent Wood, III and Jerry Edward Warner, Joint Tenants
10. Grant J. Wright
11. Desert Partners III, L.P.
12. Desert Partners IV, L.P.
13. Citation 2002 Investment Limited Partnership
14. Citation 2004 Investment Limited Partnership
15. Citation Oil & Gas Corp.
16. Commissioners of the Land Office
17. Laura M. Armitage
18. Robert A. Patterson
19. Diane M. Flock
20. Dorothea Paulk